J-A23001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA LUKE LAUGHMAN | : | |
| | : | |
| Appellant | : | No. 1618 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 31, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003299-2021

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                     **FILED: NOVEMBER 19, 2024**

Joshua Luke Laughman appeals from the aggregate judgment of sentence of nine to eighteen months in the Dauphin County Work Release Center.  We affirm.

On April 10, 2021, Appellant and the victim, who were in an on-again off-again relationship, were at a bar in downtown Harrisburg.  While there, the victim angered Appellant by speaking with an African American woman.  Appellant and the victim got into an argument in the parking lot, where he used racial slurs and ultimately punched the victim in the nose.  Appellant drove away on his motorcycle, but shortly returned to pick up the victim and rode to another bar.  Upon arriving, a patron asked the victim if she was okay.  The owner then called the police stating that the victim was covered in blood and had been punched in the face by her boyfriend.

Officer Brandon Hoover of the Harrisburg Bureau of Police responded to the call, which was reported as a domestic disturbance. On scene, he observed that Appellant staggered in his gait, slurred his speech, and smelled of alcohol. Officer Hoover detained Appellant so he could make contact with the victim, who was not in sight. When the officer approached the victim behind the building, he saw that she had blood on her hands and clothes, her nose and eyes were swollen, and her nose was disfigured. She also told him that she had been punched during an argument. Officer Hoover returned to question Appellant, and he became increasingly aggressive. After questioning, the officer arrested Appellant for simple assault. In a search incident to arrest, Officer Hoover found a silver tin of marijuana. The victim's driver's license was also in Appellant's wallet. When Officer Hoover attempted to place Appellant in a patrol car, he stuck out his legs to block the door from being shut, but the officer eventually got him into the car.

The Commonwealth charged Appellant with simple assault, possession of marijuana, possession of drug paraphernalia, and public drunkenness. The simple assault charge proceeded to a jury trial, and the remaining charges to a contemporaneous bench trial. During *voir dire*, the Commonwealth asked the potential jurors if there was any reason they could not be fair or impartial in this matter. Some approached the bench to voice concerns. In particular, the trial court recounted the following interaction:

> [Potential Juror Sixteen] approached the court and explained that his son is presently being prosecuted by the Dauphin County

District Attorney for aggravated assault involving intoxication. When asked about whether he could follow a specific jury instruction about the element of intent, the juror answered that he could do so. However, the juror stated to the court that he had negative feelings about the prosecution in connection with his son's case and moreover indicated that he would be more likely to see the case through his son's eyes rather than the eyes of the accuser. Additionally, the juror expressed that if alcohol were not a factor in the instant matter, he would find it easier to be fair.

Trial Court Opinion, 1/26/24, at 4-5 (cleaned up).

The Commonwealth moved to strike Potential Juror Sixteen for cause. The trial court granted the motion over Appellant's objections. At trial, the victim and Officer Hoover testified to the above facts.

During closing arguments, defense counsel posited that the victim hit her face off Appellant's back when they were on his motorcycle. The Commonwealth responded, however, that "[the victim's] injuries are not consistent with any other kind of mannerism other than being punched in the face." N.T. Trial, 10/31/23, at 123. Defense counsel's objection to this statement was overruled. Nonetheless, the court agreed to instruct the jury that it was the finder of fact and determiner of credibility and should not interpret counsels' closing arguments as fact.

The jury convicted Appellant of simple assault, and the trial court found Appellant guilty of the remaining offenses and imposed the above-referenced sentence. Appellant filed a post-sentence motion, which the trial court granted in part relating to reentry eligibility but denied the remainder. This timely appeal followed. Appellant submitted a court-ordered Pa.R.A.P.

1925(b) statement and the trial court authored a responsive Rule 1925(a) opinion. In his brief, Appellant raises the following issues:

> 1. Did the trial court abuse its discretion in granting the Commonwealth's motion to remove [P]otential [J]uror [Sixteen] for cause as a result of that potential juror's reaction to an argument expressly disavowed by the defense and despite his statements that he would follow the [c]ourt's instructions on that issue and that he could be fair and impartial[?]
>
> 2. Did the trial court abuse its discretion by denying the defense request to issue a curative instruction in response to the Commonwealth's unsupported categorical argument in closing that "[the victim's] injuries are not consistent with any other kind of mannerism other than being punched in the face" where the central issue at trial was the complainant's credibility[?]

Appellant's brief at 5.

Appellant initially argues that the trial court erred in dismissing potential juror 16 for cause. "A trial court's decision regarding whether to disqualify a juror for cause is within its sound discretion and will not be reversed in the absence of a palpable abuse of discretion." *Commonwealth v. Clemat*, 218 A.3d 944, 951 (Pa.Super. 2019). Further,

> [t]he test for determining whether a prospective juror should be disqualified is whether he or she is willing and able to eliminate the influence of any scruples and render a verdict according to the evidence, and this is to be determined on the basis of answers to questions and demeanor. It must be determined whether any biases or prejudices can be put aside on proper instruction of the court. A challenge for cause should be granted when the prospective juror has such a close relationship, familial, financial, or situational, with the parties, counsel, victims, or witnesses that the court will presume a likelihood of prejudice or demonstrates a likelihood of prejudice by his or her conduct or answers to questions.

*Id*. (cleaned up).

Appellant argues that the trial court abused its discretion in striking Potential Juror Sixteen for cause because the juror's answers and his demeanor did not demonstrate that he was unable to set aside any preconceptions. Appellant contends that the record does not support the trial court's conclusion that this juror was likely to be biased based on his son's alcohol-related assault. The trial court explained the circumstances for dismissing Potential Juror Sixteen thusly:

> Based upon [P]otential Juror [Sixteen's] representations during *voir dire*, th[e c]ourt did not abuse its discretion in disqualifying [P]otential Juror [Sixteen] for cause. His decision to approach the court about his son's pending prosecution demonstrated that he was clearly reluctant about serving as a juror and had significant doubts about his ability to be unbiased in this matter. The juror explained that his son had been charged with assault in a case involving alcohol, strikingly comparable to the circumstances alleged in the instant matter where Appellant was accused of assaulting a woman while he was heavily intoxicated. Given the remarkable factual similarities between the instant case and his son's case, and the juror's statements that he had negative feelings towards the prosecution and was more likely to see the case through the eyes of his son, th[e c]ourt did not err in presuming a likelihood of prejudice on the juror's part and did not abuse its discretion in striking the juror for cause.

Trial Court Opinion, 1/26/24, at 5.

Our review of the record confirms that the trial court did not abuse its discretion in dismissing this juror for cause. Potential Juror Sixteen candidly stated that he would be more likely to consider this case from the perspective of his son. The trial court noted the similarities between the case against the juror's son and the matter at hand. Further, Potential Juror Sixteen declared that he had negative feelings about the prosecution since his son was likewise

being prosecuted by Dauphin County. These details of record supported the trial court's finding that this juror was likely to be prejudiced. Accordingly, the trial court properly exercised its discretion in dismissing the juror for cause, and Appellant is not entitled to relief on this basis.

Appellant next argues that the Commonwealth made an improper categorical statement during closing arguments and the trial court failed to issue a sufficient curative instruction. In general, "a prosecutor's arguments to the jury do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds a fixed bias and hostility towards the defendant which would prevent them from properly weighing the evidence and rendering a true verdict." **Commonwealth v. Epps**, 240 A.3d 640, 646 (Pa.Super. 2020). We "evaluate whether a defendant received a fair trial, not a perfect trial." **Commonwealth v. Woeber**, 174 A.3d 1096, 1107 (Pa.Super. 2017). This Court must also review a challenged prosecutorial comment "not in isolation but in the context in which it was made." **Commonwealth v. Scott**, 212 A.3d 1094, 1110 (Pa.Super. 2019). Further, "a prosecutor has considerable latitude during closing arguments" and their arguments or inferences will be considered fair if they are supported by or reasonably derived from the evidence. **See Commonwealth v. Caldwell**, 117 A.3d 763, 774 (Pa.Super. 2015) (cleaned up). Lastly, the trial court may remove taint through curative instructions. **Id**.

Appellant argues that the Commonwealth's assertion during closing arguments that the victim's injuries could only be consistent with being punched was improper. He contends that the trial court abused its discretion in not finding that this statement was improper and not supported by the evidence. Further, it did not issue a sufficient curative instruction to the jury. The trial court addressed this issue as follows:

> [T]he testimony of [the v]ictim and Officer Hoover established that [the v]ictim sustained swelling in her eyes, as well as a bloody, swollen, and disfigured nose, all injuries which would not be unexpected of a victim who had been punched in the face with a closed fist. Therefore, it was far from unreasonable for the Commonwealth to argue that the injuries [the v]ictim sustained were consistent with a punch in the face.

Trial Court Opinion, 1/26/24, at 6. The court also recounted its instruction to the jurors that they were the triers of fact and were not to interpret counsels' closing arguments as fact. The court stated that these instructions were "sufficient to apprise the jury of [its] responsibility regarding the evidence and argument presented by both attorneys, including the specific argument of the Commonwealth's counsel with which Appellant took issue." *Id*.

Upon review, we conclude that the Commonwealth's remark regarding the victim's cause of injury was not improper. The defense put forth its theory regarding how the victim was injured during closing arguments. In this context, the Commonwealth fairly responded that the victim's injuries were not consistent with the defense's version of events but were consistent with its own. The Commonwealth's argument was also supported by the evidence

as the victim's injuries were in accord with being punched and the victim testified to this effect. Regardless, any purported taint from the Commonwealth's comment was sufficiently cured by the trial court's instructions that the jury was to find the facts based on its own interpretation of the testimony and it was not to consider counsels' arguments as fact. Therefore, Appellant's claim is without merit.

Based on the foregoing, we find no reason to grant relief. We thus affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/19/2024